## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KEITH M. BUCKLES,**

      **Petitioner,**

**v.**

**PEOPLE OF THE UNITED
STATES OF AMERICA,**

      **Respondent.**

**Case No. 22-CV-2419-SPM**

## <u>MEMORANDUM AND ORDER</u>

**McGLYNN, District Judge:**

        Petitioner Keith M. Buckles ("Buckles") brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state conviction. (Doc. 1). Section 2254 permits a federal court to grant habeas relief where a person convicted in state court is in custody in violation of the Constitution or laws of the United States. It does not authorize a federal court to take over or supervise a state court proceeding.

        On October 18, 1994, Buckles was convicted of four counts of Armed Robbery in Madison County, Illinois, and was later sentenced to four terms of twenty-five (25) years imprisonment, with the first two sentences concurrent and the second two consecutive, for a total of seventy-five (75) years in the Illinois Department of Corrections. *People v. Buckles*, No. 94-CF-611 (Third Judicial Circuit). Buckles is an

Illinois Department of Corrections inmate currently incarcerated at Graham Correctional Center ("Graham")[1].

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Buckles claims to have exhausted his claims to both the Appellate and Supreme Court and cites to his most recent appellate decision, *to wit*: 2022 Ill App (5th) 200205-U, to show that he is entitled to relief. Within his petition, Buckles asserts the following four grounds for relief: (1) he was denied full access to the Illinois Appellate and Supreme Courts; (2) he was denied due process and a fair trial under the 5th and 14th Amendments; (3) he was denied his rights under due process and Federal Juvenile Act; and, (4) trial counsel's actions were unreasonable (Doc. 1, pp. 8-15). He further seeks "to overturn his convictions with perjuice (sp) ASAP being defendant has served 28 years" (*Id.*, p. 18).

On December 27, 2000, following the exhaustion of his direct appeal and initial post-conviction petition, Buckles filed his first petition for writ of habeas corpus pursuant to §2254 in this Court, which was assigned case number 3:00-cv-00989-WDS-CJP and which shall be cited as "PP" for prior petition (PP. 1). Within that case,

---

[1] According to the website for the Illinois Department of Corrections, *to wit*: www.idoc.gov, Buckles was admitted on 2/2/1995 and has a projected discharge date of 1/18/2034. (As of 1/13/2023).

the Court filed a 12-page Memorandum and Order that went thru the parameters for federal review, as well as the issues previously raised by Buckles in his prior appeals (PP. 29). Indeed, Buckles was advised that any point not previously raised on direct appeal is waived and cannot be resuscitated. (*Id.*); *see Rodriguez v. Peters,* 63 F.3d 546, 555 (7th Cir. 1995).

Although Buckles claims he has previously complied with the procedural requirements for this Petition, he is mistaken. Indeed, even a cursory review of the recent Fifth District's unpublished opinion, *i.e.* 2022 Ill App (5th) 200205-U, demonstrates that Buckles has not exhausted the four claims raised in the instant Petition since he was denied leave to file a successive post-conviction petitions. Specifically, the court held as follows,

> "The circuit court did not err in denying the defendant's (third) motion for leave to file a successive postconviction petition, and any argument to the contrary would lack merit, … , and the judgment of the circuit court is affirmed."

It is evident that this most recent appeal to the Fifth District was from the circuit court's denial of the defendant's third motion for leave to file a successive post-conviction petition, not the four issues asserted within the petition, although the Fifth District did briefly address those issues within its Order and found no merit therein. More importantly, the issues petitioner sought leave to file within his successive post-conviction all alleged violations that the State committed, not violations of federal law. This Court cannot intercede when an issue has been improperly presented and/or when a petitioner has failed to meet a state procedural requirement. *Braun v. Powell,* 227 F.3d 908 (7th Cir. 2000).

3

## SUBSTITUTION OF PARTY

Buckles lists "People of the State of Illinois" as the Respondent. The Clerk is **DIRECTED** to substitute the current warden of Graham Correctional Center, Glen Austin, as the respondent. *See* Federal Rule of Civil Procedure 25(d); *Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005) (proper respondent is the prisoner's current custodian); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

## DISPOSITION

Because Buckles fails to identify any grounds for relief, the Petition is **DISMISSED with Prejudice** pursuant to Rule 4 of the Rules Governing Section 2254 cases. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued. The Clerk is **DIRECTED** to enter judgment accordingly and close this case. If Petitioner wishes to appeal the dismissal of his petition, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal in forma pauperis should set forth the issues Petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). A certificate of appealability is required to appeal from the dismissal or denial of a §2254 petition. Rule 11 of the Rules Governing §2254 Cases requires that, when entering a final order adverse to the petitioner, the district court must issue or deny a certificate of appealability. Here, the Court has denied a certificate. In order to appeal the

dismissal of his petition, Petitioner must obtain a certificate of appealability from the Court of Appeals.

Petitioner cannot appeal from this Court's denial of a certificate of appealability. Further, a motion to reconsider the denial does not extend the time for appeal. See, Rule 11(a). Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the thirty-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  January 26, 2023**

*s/Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**